UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER T. SUNKIN, | ) | CASE NO. 5:14CV407 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ALEC T. CLOKE, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

On February 21, 2014, pro se plaintiff, Christopher T. Sunkin, filed a complaint, along with two motions for temporary restraining order. (Doc. Nos. 2 and 3.) For the reasons discussed herein, both motions are **DENIED**.

Plaintiff's complaint seeks monetary damages from seven individuals and two companies for various state law claims relating to alleged public dissemination of private information regarding plaintiff's business dealings and plaintiff's character. The motions for TRO seek orders directing defendants Godaddy, LLC (Doc. No. 2) and Internet Brands, Inc. (Doc. No. 3), and their agents and representatives,

> (A) . . . to immediately remove any and all material, statements, images and/or references naming Christopher (Chris) Sunkin, Seriousoffshore.com, and to enjoin said Defendants from allowing any restoration, replacement or newly created material in any form from being placed in public view on any medium under their control, pending a hearing on this matter.

> (B) . . . to [preserve] any and all materials in the possession of the Defendants relative to this proceeding, including, but not limited to, copies of all web pages, threads, postings, or any other physical and/or electronic data, as well as any and

all physical or electronic communications between any of the parties consisting of [defendants], [their] employees, contractors, agents, or other individuals or entities regarding any facet of this matter[.]

Fed. R. Civ. P. 65(b) addresses temporary restraining orders and provides, in relevant part, as follows:

(1) **_Issuing Without Notice._** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

    **(A)**    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

    **(B)**    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"The stringent restrictions imposed by [Rule 65(b)], on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, etc.*, 415 U.S. 423, 439, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974). A cursory review of the complaint (Doc. No. 1) reveals that it is not a verified complaint, nor does either motion for TRO meet the stringent requirements of Rule 65(b)(1).

Further, TROs are restricted to serving two underlying purposes: "preserving the status quo and preventing irreparable harm[.]" *Id*. Here, any hope of preserving the status quo and/or preventing irreparable harm has long since passed, since most of the actions complained of occurred between April 2010 and May 2012.

For the reasons set forth herein, the motions for temporary restraining order (Doc. Nos. 2 and 3) are both **DENIED**.

**IT IS SO ORDERED**.

Dated: February 24, 2014

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**